| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Patrick Leon Young** |
| | Name: First    Middle                        Last |
| Debtor 2 (Spouse, if filing) | Name: First    Middle                        Last |
| Case number: (If known) | |

Check if this is an amended plan ☐

Amends plan dated: _____

## Chapter 13 Plan

### Part 1:  Notices

**To Debtor(s):**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.  Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:**  Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☑ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☑ **The plan sets out nonstandard provision(s) in Part 9.**

### Part 2:  Plan Payments and Length of Plan

**2.1**  Debtor(s) will make regular payments to the trustee as follows:

### $3,200.00 per Month for 60 Months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2**  Regular payments to the trustee will be made from future income in the following manner (*check all that apply*):

☐  Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

☑  **Debtor(s) will make payments directly to the trustee. (Self-employed)**

☐  Other (specify method of payment)

Doc ID: 196adc7c4e98c25dbd9e544ffa430fd42213dfbe

**2.3**    **Income tax refunds and returns.** *Check one.*

☐    Debtor(s) will retain any income tax refunds received during the plan term.

☐    Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☑    Debtor(s) will treat income tax refunds as follows:
**The non-exempt portion of the Debtor(s) tax refund(s) will be committed to the Plan as Disposable Income on Schedule I.**

☐    Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4**    **Additional Payment** *Check all that apply.*

☑    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**    **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1**    **Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑    Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| **Carrington Mortgage Services** | **407 9th St SE Aliceville, AL 35442**<br><br>**No Co-Signer** | $59,676.00 | $485.00<br>Disbursed by:<br>**TRUSTEE**<br>To Begin:<br>**JULY 2025** | $1,335.00 | 1 | $30.00 | **The 3rd month after confirmation** |

**3.2**    **Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The rest of § 3.2 will be effective only if the applicable box in Part 1 of this plan is checked.**

☑    Debtor(s) request that the court determine the value(s) of the collateral and the amount(s) of the secured claim(s) listed below. For each nongovernmental secured claim listed below, Debtor(s) state that the amount of the secured claim should be the *lesser* of (a) the amount of the secured claim listed on the creditor's proof of claim and (b) the amount set out in the column headed *Amount of Secured Claim.* For each listed claim, the amount of the secured claim will be paid in full with interest at the rate stated below. *If a nongovernmental creditor timely objects to the proposed value of the creditor's collateral or the proposed amount of the creditor's secured claim, the confirmation hearing shall include a valuation hearing pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 unless otherwise ordered. If a nongovernmental creditor whose claim is listed below fails to timely object, the creditor shall be deemed to have accepted the amount and treatment of the creditor's secured claim as set forth below.*

For nongovernmental creditors, unless otherwise provided by this plan or otherwise ordered, the portion of any allowed claim

Doc ID: 196adc7c4e98c25dbd9e544ffa430fd42213dfbe

that exceeds the amount of the secured claim listed below will be treated as an unsecured claim under Part 5 of this plan, and, if the amount of a creditor's secured claim is listed below as having a value of zero, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. For nongovernmental creditors, unless otherwise ordered, the amount of the creditor's total claim listed on the proof of claim or amended proof of claim controls over any contrary amounts listed below, but the amount of that creditor's secured claim, the value of the collateral, and the interest rate are controlled by the plan.

The holder of any claim listed below as having value in the column headed *Amount of Secured Claim* will retain the lien until the earlier of:

     (a) payment of the underlying debt determined under nonbankruptcy law, or

     (b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

For secured claims of governmental units, unless otherwise ordered, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| **Wells Fargo Dealer Services**<br><br>**SEE SUPP COS** | **$200.00** | **$23,243.00** | **2019 Dodge Challenger Scatpack with 106,616 miles Average Condition**<br><br>**No Co-Signer** | **$20,025.00** | **$20,025.00** | **9.00%** | **$460.00** | **The 3rd month after confirmation** |

**3.3**     **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☐   **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑   The claims listed below:
     1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
     2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
     3. are fully secured.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

     (a) payment of the underlying debt determined under nonbankruptcy law, or

     (b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| **Bank of Vernon**<br><br>**910 CLAIM** | **$215.00** | **$16,774.00** | **2011 Peterbilt 386**<br><br>**No Co-Signer** | **$21,500.00** | **9.00%** | **$380.00** | **The 3rd month after confirmation** |
| **Farmers Home Furniture**<br><br>**FULLY SECURED** | **$7.00** | **$535.00** | **All collateral subject to the creditor's security interest.** | **$650.00** | **9.00%** | **$13.00** | **The 3rd month after confirmation** |

Doc ID: 196adc7c4e98c25dbd9e544ffa430fd42213dfbe

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| **NAVY Federal Credit Union** **910 CLAIM** | $212.00 | $23,467.00 | **2013 Ford F350 Dually Truck** **No Co-Signer** | $21,150.00 | 9.00% | $531.00 | **The 3rd month after confirmation** |
| **Northland Capital** **FULLY SECURED** | $155.00 | $36,000.00 | **2021 Timpte Trailer** **No Co-signer** | $37,500.00 | 9.00% | $815.00 | **The 3rd month after confirmation** |
| **Spiller Furniture** **FULLY SECURED** | $5.00 | $385.00 | **All collateral subject to the creditor's security interest.** | $500.00 | 9.00% | $10.00 | **The 3rd month after confirmation** |

**3.4**      **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

     ☑      **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**      **Surrender of collateral.** *Check one.*

     ☐      **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

     ☑      Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Synchrony/Polaris Consumer** | **2025 Polaris Ranger 1000** **Purchased April 2025** **No Co-Signer** |

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**4.1**      **General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2**      **Chapter 13 case filing fee.** *Check one.*

     ☑ **Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.**
     ☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3**      **Attorney's fees.**

     **The total fee requested by Debtor(s)' attorney is $4,500.00. The amount of the attorney fee paid prepetition is $500.00. The balance of the fee owed to Debtor(s)' attorney is $4,000.00, payable as follows (*check one*):**

     ☑ **AO 22-04 AVAILABLE FUNDS at confirmation, then $1,600 per month for 2 months, and then $20.00 per month thereafter until paid in full.**

     ☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

Doc ID: 196adc7c4e98c25dbd9e544ffa430fd42213dfbe

**4.4**    **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

☐    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☑    The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| **Internal Revenue Service** | **$700.00** | **$0.00** | **Distributions per (E)(1)(f) of AO 22-04** |
| **State of Alabama Dept. of Revenue** | **$50.00** | **$0.00** | **Distributions per (E)(1)(f) of AO 22-04** |

**4.5**    **Domestic support obligations.** *Check one.*

☐    **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☑    Each of the allowed priority claim(s) listed below is based on a domestic support obligation that is owed to a domestic support obligation claimant (e.g., a former spouse or custodial parent) or based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid in full. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

☐    One or more of the allowed priority claim(s) listed below is based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C. § 1322(a)(4). This plan provision requires that payments in § 2.1 be for a term of 60 months. See 11 U.S.C. § 1322(a)(4). Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Will Claim be Paid in Full? (yes or no)? | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|---|
| **State of Alabama Child Support** <br><br> **DHR File No. 54-21330 Kaneesha H. Hoskins** | **$7,209.20** | ☑ **Yes** ☐ No | **$135.00** | **The 3rd month after confirmation** |

**Part 5:**    **Treatment of Nonpriority Unsecured Claims**

**5.1**    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2**    **Percentage, Base, or Pot Plan.** *Check one.*

☐    100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐    Percentage Plan. This plan proposes to pay _____% of each allowed nonpriority unsecured claim.

☑    **Pot Plan. Due to the Liquidation Value of this estate, this plan proposes to pay $1,650.00, distributed pro rata to holders of allowed nonpriority unsecured claims.**

☐    Base Plan. This plan proposes to pay $_____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

Doc ID: 196adc7c4e98c25dbd9e544ffa430fd42213dfbe

**5.3**  **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4**  **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5**  **Other separately classified nonpriority unsecured claims.** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**6.1**  **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2**  **The executory contracts and unexpired leases listed below are rejected:** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

| Part 7: | Sequence of Payments |
|---|---|

**7.1**  **Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.**

| Part 8: | Vesting of Property of the Estate |
|---|---|

**8.1**  **Property of the estate will vest in Debtor(s)** *(check one)*:

☑  ## Upon plan confirmation.

☐  Upon entry of Discharge

| Part 9: | Nonstandard Plan Provisions |
|---|---|

☐  **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

☑  **Nonstandard provisions.** *Nonstandard provisions are required to be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective. A nonstandard provision is a provision not otherwise included in this district's Local Form or deviating from it. These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.*

## APCO:
**Debtor (i) will pay all pre and post-petition electric service charges in lieu of posting a deposit under 11 U.S.C. § 366 and (ii) acknowledges that 11 U.S.C. § 362 will not prohibit collection of these debts by APCO.**

Doc ID: 196adc7c4e98c25dbd9e544ffa430fd42213dfbe

| Part 10: | **Signatures:** |
|---|---|

**Signature(s) of Debtor(s) required.**

**Signature(s) of Debtor(s)** (*required*)**:**

X   ~~Patrick Young~~                          Date   06 / 20 / 2025
**Patrick Leon Young**

**Signature of Attorney for Debtor(s):**
X   */s/ Marshall A. Entelisano*              Date   06 / 20 / 2025
   **Marshall A. Entelisano ENT001**
   **701 22nd Avenue**
   **Suite 2**
   **Tuscaloosa, AL 35401**
   **205-752-1202**

Name/Address/Telephone/Attorney for Debtor(s):

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**

Doc ID: 196adc7c4e98c25dbd9e544ffa430fd42213dfbe