Fill in this information to identify your case:

**Debtor 1**: Patrick Leon Young
Name: First   Middle   Last

**Debtor 2** (Spouse, if filing):
Name: First   Middle   Last

**Case number** (If known): 25-70831

**Check if this is an amended plan** ✓
**Amends plan dated**: 06/20/2025

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☑ **The plan sets out nonstandard provision(s) in Part 9.**

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

### $3,200.00 per Month for 60 Months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** **Regular payments to the trustee will be made from future income in the following manner** (*check all that apply*):

☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

☑ **Debtor(s) will make payments directly to the trustee. (Self-employed)**

☐ Other (specify method of payment)

| Debtor | Patrick Leon Young | Case number | 25-70831-13 | Eff (01/01/2019) |

### 2.3 Income tax refunds and returns. *Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☑ Debtor(s) will treat income tax refunds as follows:
**The non-exempt portion of the Debtor(s) tax refund(s) will be committed to the Plan as Disposable Income on Schedule I.**

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

### 2.4 Additional Payment *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### 2.5 Adequate Protection Payments

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| **Carrington Mortgage Services** **POC 29** | 407 9th St SE Aliceville, AL 35442 No Co-signer | $59,928.84 | $483.67 Disbursed by: **TRUSTEE** To Begin: **JULY 2025** | $1,019.09 | 2 | $20.00 | The 3rd month after confirmation |

### 3.2 Request for valuation of security, claim modification, and hearing on valuation. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

### 3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims. *Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below:
1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
3. are fully secured.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is

| Debtor | Patrick Leon Young | Case number | 25-70831-13 | Eff (01/01/2019) |

controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| **Alabama One Credit Union**  POC 12  FULLY SECURED | $0.00 | $21,368.09 | Any and all property subject to the judgment lien CV-2019-900023 | $21,368.09 | 9.00% | $485.00 | The 3rd month after confirmation |
| **Wells Fargo Dealer Services**  POC 9  FULLY SECURED | $299.00 | $21,762.49 | 2019 Dodge Challenger Scatpack  No Co-Signer | $29,900.00 | 9.00% | $495.00 | The 3rd month after confirmation |
| **Bank of Vernon**  POC 30  FULLY SECURED | $215.00 | $16,589.68 | 2011 Peterbilt 386  No Co-signer | $21,500.00 | 9.00% | $380.00 | The 3rd month after confirmation |
| **Farmers Home Furniture**  POC 5  FULLY SECURED | $6.00 | $437.04 | Any collateral subject to the creditor's security interest. | $650.00 | 9.00% | $13.00 | The 3rd month after confirmation |
| **Northland Capital Financial Services**  POC 6  FULLY SECURED | $375.00 | $47,443.70 | 2021 Timpte Trailer  No Co-signer | $47,500.00 | 9.00% | $760.00 | The 3rd month after confirmation |
| **Spiller Furniture**  POC 2  FULLY SECURED | $5.00 | $386.37 | Any collateral subject to the creditor's security interest. | $500.00 | 9.00% | $10.00 | The 3rd month after confirmation |

| Debtor | **Patrick Leon Young** | Case number | **25-70831-13** | Eff (01/01/2019) |

**3.4** **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

✓ **None.** *If "None" is checked, the rest of § 3.4 need not be completed and need not be reproduced. The rest of § 3.4 will be effective only if the applicable box in Part 1 of this plan is checked.*

**3.5** **Surrender of collateral.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

✓ Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| NAVY FCU<br><br>POC 19 | 2013 Ford F350 Dually Truck<br><br>Purchased 07/12/2024<br><br>No Co-Signer |
| Performance Finance<br><br>POC 8 | 2024 Polaris Scrambler XP 1000<br><br>No Co-signer |
| Synchrony Bank<br><br>POC 28 | 2025 Polaris Ranger R25TAA99A1<br><br>Purchased April 2025<br><br>No Co-Signer |

Part 4: **Treatment of Fees and Priority Claims**

**4.1** **General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2** **Chapter 13 case filing fee.** *Check one.*

✓ **Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.**
☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3** **Attorney's fees.**

**The total fee requested by Debtor(s)' attorney is $4,500.00. The amount of the attorney fee paid prepetition is $500.00.**
**The balance of the fee owed to Debtor(s)' attorney is $4,000.00,** payable as follows (*check one*):

✓ **AO 22-04 AVAILABLE FUNDS at confirmation, then $1,385.00 per month for 2 months, and then $25.00 per month thereafter until paid in full.**

☐ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4** **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

✓ The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

Doc ID: d60342bc4137bb0e35d37cf40a8573dd555d582d

| Debtor | Patrick Leon Young | Case number | 25-70831-13 | Eff (01/01/2019) |

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| Internal Revenue Service<br><br>POC 11 | $1,058.00 | $0.00 | Distributions per (E)(1)(f) of AO 22-04 |
| State of Alabama Dept. of Revenue<br><br>POC 25 | $333.00 | $0.00 | Distributions per (E)(1)(f) of AO 22-04 |

4.5 **Domestic support obligations.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☑ Each of the allowed priority claim(s) listed below is based on a domestic support obligation that is owed to a domestic support obligation claimant (e.g., a former spouse or custodial parent) or based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid in full. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

☐ One or more of the allowed priority claim(s) listed below is based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C. § 1322(a)(4). This plan provision requires that payments in § 2.1 be for a term of 60 months. See 11 U.S.C. § 1322(a)(4). Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Will Claim be Paid in Full?<br>(yes or no)? | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|---|
| State of Alabama Child Support<br><br>DHR File No. 54-21330<br>Kaneesha H. Hoskins | $7,209.20 | ☑ Yes ☐ No | $135.00 | The 3rd month after confirmation |

Part 5: **Treatment of Nonpriority Unsecured Claims**

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

5.2 **Percentage, Base, or Pot Plan.** *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐ Percentage Plan. This plan proposes to pay _____% of each allowed nonpriority unsecured claim.

☑ **Pot Plan. Due to the Liquidation Value of this estate, this plan proposes to pay $ 1,380.00, distributed pro rata to holders of allowed nonpriority unsecured claims.**

☐ Base Plan. This plan proposes to pay $_____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

5.3 **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

5.4 **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

Doc ID: d60342bc4137bb0e35d37cf40a8573dd555d582d

| Debtor | Patrick Leon Young | Case number | 25-70831-13 | Eff (01/01/2019) |

☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

5.5 Other separately classified nonpriority unsecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

6.2 The executory contracts and unexpired leases listed below are rejected: *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

## Part 7: Sequence of Payments

7.1 Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

## Part 8: Vesting of Property of the Estate

8.1 Property of the estate will vest in Debtor(s) *(check one)*:

☑ **Upon plan confirmation.**

☐ Upon entry of Discharge

## Part 9: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

☑ **Nonstandard provisions.** *Nonstandard provisions are required to be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective. A nonstandard provision is a provision not otherwise included in this district's Local Form or deviating from it. These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.*

**APCO**
**Debtor (i) will pay all pre and post-petition electric service charges in lieu of posting a deposit under 11 U.S.C. § 366 and (ii) acknowledges that 11 U.S.C. § 362 will not prohibit collection of these debts by APCO.**

## Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

**Signature(s) of Debtor(s)** *(required)*:

X _/s/ Patrick Young_  Date 09 / 08 / 2025
**Patrick Leon Young**

**Signature of Attorney for Debtor(s):**

Chapter 13 Plan    Page 6 of 7

Doc ID: d60342bc4137bb0e35d37cf40a8573dd555d582d

| Debtor | **Patrick Leon Young** | Case number | **25-70831-13** | Eff (01/01/2019) |

X  */s/ Marshall A. Entelisano*  Date  09 / 08 / 2025

**Marshall A. Entelisano ENT001**
**701 22nd Avenue**
**Suite 2**
**Tuscaloosa, AL 35401**
**205-752-1202**

Name/Address/Telephone/Attorney for Debtor(s):

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| Patrick Leon Young, | § | Case No. 25-70831-13-JHH |
| | § | |
| Debtor(s). | § | Chapter 13 |
| | § | |

## CERTIFICATE OF SERVICE

This is to certify that on the 10th day of September 2025 I have served a copy of the following:

☒ **Chapter 13 Plan dated 8th day of September 2025.**

☒ **Confirmation Hearing is scheduled for the 28th day of October 2025 at 1:00 p.m. at the Bankruptcy Court for the Northern District of Alabama, Western Division located at 2005 University Blvd., Room 2600, Tuscaloosa, AL 35401**

on the parties listed below and on the attached Matrix by depositing a copy of the same in the United States Mail, postage prepaid and properly addressed, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" as set forth below pursuant to FRBP 9036 in accordance with Paragraph II.B.4 of the Court's Administrative Procedures.

The Standing Chapter 13 Trustee, C. David Cottingham, and the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, J. Thomas Corbett, and the Assistant Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Western Division, Scott Allums, have standing and are registered participants in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, and service thereon has been made by a "Notice of Electronic Filing" as set forth below pursuant to FRBP 9036 in accordance with Paragraph II.B.4 of the Court's Administrative Procedures.

/s/ *Marshall A. Entelisano*
Marshall A. Entelisano, P.C.
Marshall A. Entelisano (ENT001)
Attorney for Debtor(s)
701 22nd Avenue, Suite 2
Tuscaloosa, AL 35401
205-752-1202 Telephone
205-752-1203 Facsimile
marshall@marshall-lawfirm.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-7<br>Case 25-70831-JHH13<br>NORTHERN DISTRICT OF ALABAMA<br>Tuscaloosa<br>Wed Sep 10 11:21:22 CDT 2025 | Alabama One  Credit Union<br>1215 Veterans Memorial Parkway<br>Tuscaloosa, AL 35404-5842 | Carrington Mortgage Services, LLC<br>3145 Avalon Ridge Place, Suite 100<br>Peachtree Corners, GA 30071-1570 |
| Performance Finance<br>10509 Professional Circle, Su 100<br>Reno, NV 89521-5864 | Synchrony Bank c/o AIS Portfolio Services LL<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Wells Fargo Bank, N.A. DBA Wells Fargo Auto<br>6061 N State Hwy 161, MAC T9017-015<br>Irving, TX 75038-2259 |
| U. S. Bankruptcy Court<br>2005 University Blvd., Room 2300<br>Tuscaloosa, AL 35401-1546 | Affirm, Inc.<br>Attn: Bankruptcy<br>650 California St, Fl 12<br>San Francisco, CA 94108-2716 | Affirm, Inc.<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Alabama Child Support<br>Payment Center<br>P O Box 244015<br>Montgomery, AL 36124-4015 | Alabama One Credit Union<br>Attn: Bankruptcy<br>1215 Veterans Memorial Parkway<br>Tuscaloosa, AL 35404-5842 | Alabama Power Company<br>c/o Teresa Black, Registered Agent<br>600 North 18th Street<br>Birmingham, AL 35203-2200 |
| Amex<br>Correspondence/Bankruptcy<br>Po Box 981535<br>El Paso, TX 79998-1535 | Ashley Funding Services, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | BSI Financial Srvs<br>Attn: Bankruptcy<br>4200 Regent Blvd. Ste B200<br>Irving, TX 75063-2240 |
| Bank of Vernon<br>P. O. Box 309<br>Vernon, AL 35592-0309 | Brickhouse OpCo I LLC<br>4053 Maple Road Suite 122<br>Amherst, NY 14226-1058 | Capital One<br>Attn: Bankruptcy<br>P.O. Box 30285<br>Salt Lake City, UT 84130-0285 |
| (p)CARRINGTON MORTGAGE SERVICE LLC<br>1600 S DOUGLAS RD SUITE 110<br>ANAHEIM CA 92806-5951 | Charles W. Scharf, CEO<br>Wells Fargo Bank<br>420 Montgomery Street<br>San Francisco, CA 94104-1298 | Child Support Central Alabama<br>P O Box 4960<br>Montgomery, AL 36103-4960 |
| Citibank<br>Citicorp Cr Srvs/Centralized Bankruptcy<br>Po Box 790046<br>St Louis, MO 63179-0046 | Citibank N.A.<br>Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD  57108-5027 | Citiibank<br>Attn: Centralized Bankuptcy<br>Pob 790040<br>St Louis, MO 63179-0040 |
| Civil Division Process Clerk<br>US Attorney's Office<br>1801 4th Avenue N<br>Birmingham, AL 35203-2101 | (p)DOVENMUEHLE MORTGAGE<br>1 CORPORATE DRIVE SUITE 360<br>LAKE ZURICH IL 60047-8945 | (p)FAMILY SECURITY CREDIT UNION<br>ATTN MELONDIE ALLISON<br>2204 FAMILY SECURITY PLACE SW<br>DECATUR AL 35603-5500 |
| (p)FARMERS FURNITURE<br>ATTN CORPORATE CREDIT DEPT<br>PO BOX 1140<br>DUBLIN GA 31040-1140 | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | James Ross Markham, Sr.<br>Attorney for Alabama One Credit Union<br>PO Box 360345<br>Birmingham, AL 35236-0345 |

| | | |
|---|---|---|
| (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 |
| Merrick B. Garland<br>U.S. Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | Merrick Bank<br>Attn: CEO/President<br>10705 S Jordan Gateway<br>Suite 200<br>South Jordan, UT 84095-3977 | Merrick Bank Corp<br>Po Box 9201<br>Old Bethpage, NY 11804-9001 |
| NAVY FCU<br>Attn: Bankruptcy<br>Po Box 3000<br>Merrifield, VA 22119-3000 | Navy Federal Credit Union<br>Attn: Bankruptcy<br>Po Box 3302<br>Merrifield, VA 22119-3302 | Navy Federal Credit Union Attn Bankruptcy<br>PO Box 3000<br>Merrifield, VA, 22119-3000 |
| Northland Capital<br>333 33rd Ave S<br>Saint Cloud, MN 56301-5495 | Northland Capital Financial Services, LLC<br>333 33rd Ave. S<br>St. Cloud, MN 56301-5495 | Origin Bank<br>Attn: Bankruptcy<br>Po Box 1325<br>Ruston, LA 71273-1325 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Performance Finance<br>10509 Professional Circle Ste 100<br>Reno, NV 89521-4883 | Performance Finance<br>Attn: Bankruptcy<br>1515 West 22nd Street, Suite 100w<br>Oak Brook, IL 60523-2007 |
| RECFI<br>Systems & Services Technologies, Inc., 4<br>4315 Pickett Road, Bankruptcy Department<br>St. Joseph, MO, 64503<br>St. Joseph, MD 64503-1600 | REGIONS BANK<br>PO BOX 10063<br>BIRMINGHAM AL 35202-0063 | Richard O'Neal<br>Asst. U.S. Atty.<br>1801 4th Avenue North<br>Birmingham, AL 35203-2101 |
| (p)SPILLER FURNITURE COMPANY<br>PO BOX 020824<br>TUSCALOOSA AL 35402-0824 | State of Alabama Child Support<br>Attn: Meredith Tyson<br>P.O. Box 13248<br>Birmingham, AL 35202-3248 | State of Alabama DHR<br>Legal Dept.<br>50 N. Ripley St.<br>Montgomery, AL 36130-1001 |
| (p)STATE OF ALABAMA DEPARTMENT OF REVENUE<br>P O BOX 320001<br>MONTGOMERY AL 36132-0001 | Synchrony Bank<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank<br>Attn: Bankruptcy<br>Po Box 965064<br>Orlando, FL 32896-5064 |
| Synchrony Bank<br>by AIS InfoSource LP as agent<br>PO Box 4457<br>Houston, TX 77210-4457 | Synchrony Bank c/o AIS Portfolio Services, L<br>4515 N. Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Synchrony/Polaris Consumer<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Truist Bank<br>Attn: Bankruptcy<br>200 Pine St W<br>Wilson, NC 27893-3288 | U.S. Small Business Administration<br>Attn: District Director Thomas A. Todt<br>2 North 20th Street, Suite 325<br>Birmingham, AL 35203-4020 | Wells Fargo Bank N.A., d/b/a Wells Fargo Aut<br>PO Box 169005<br>Irving, TX 75016-9005 |

| Wells Fargo Dealer Services | C David Cottingham | Marshall Entelisano |
| --- | --- | --- |
| Attn: Bankruptcy | Chapter 13 Standing Trustee | Marshall A. Entelisano, P.C. |
| 1100 Corporate Center Drive | 701 22nd Avenue, Suite 4 | 701 22nd Ave |
| Raleigh, NC 27607-5066 | P O Drawer 020588 | Suite 2 |
| | Tuscaloosa, AL 35402-0588 | Tuscaloosa, AL 35401-1857 |

Patrick Leon Young
407 9th St SE
Aliceville, AL 35442-2928

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Carrington Mortgage Services | (d)Carrington Mortgage Services, LLC | Dovenmuehle/origin Ban |
| --- | --- | --- |
| Attn: Bankruptcy | 1600 S. Douglass Road | 1 Corporate Dr |
| 1600 South Douglass Road, Stes 110 & 200 | Anaheim, CA  92806 | Lake Zurich, IL 60047 |
| Anaheim, CA 92806 | | |

| Family Security Credit | Farmers Home Furniture | (d)Farmers Home Furniture |
| --- | --- | --- |
| 2204 Family Security PL | Attn: Bankruptcy | Attn: Corporate Credit Department |
| Decatur, AL 35603 | Po Box 1140 | P.O. Box 1140 |
| | Dublin, GA 31040 | Dublin, GA 31040 |

| Jefferson Capital Systems, LLC | PORTFOLIO RECOVERY ASSOCIATES, LLC | Spiller Furniture |
| --- | --- | --- |
| PO BOX 7999 | POB 41067 | Attn: Bankruptcy |
| SAINT CLOUD, MN 56302-9617 | Norfolk, VA 23541 | 1940 Harper Road |
| | | Northport, AL 35476 |

| State of Alabama Department of Revenue | (d)State of Alabama Dept. of Revenue | End of Label Matrix | |
| --- | --- | --- | --- |
| Legal Division | Legal Division | Mailable recipients | 63 |
| P.O. Box 320001 | PO Box 320001 | Bypassed recipients | 0 |
| Montgomery, Alabama 36132-0001 | Montgomery, AL 36132-0001 | Total | 63 |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA - WESTERN DIVISION

**In the Matter of:**

| | |
|---|---|
| Patrick Leon Young } | **Case No: 25-70831-JHH13** |
| SSN: XXX-XX-7324 } | |
| DEBTOR(S). } | |
| } | |
| } | |

## ORDER AND NOTICE OF HEARING

This matter came before the Court on Tuesday, September 09, 2025 01:00 PM, for a hearing on the following:

1) Confirmation Hearing
2) RE: Doc #23; Objection to Confirmation of the Plan Filed by Performance Finance
3) RE: Doc #27; Trustee's Objection to Confirmation of the Plan
4) RE: Doc #30; Objection to Confirmation of the Plan filed by Wells Fargo Bank, N.A. d/b/a Wells Fargo Auto
5) RE: Doc #32; Trustee's Motion to Dismiss Case Without Confirmation for Failure to Make Plan Payments

Proper notice of the hearing was given and appearances were made by the following:
   Josh Johnson, Staff Attorney for Trustee

**It is therefore ORDERED, ADJUDGED and DECREED that:**

Based on the filings, evidence, and all other matters before the court, and for the reasons stated on the record of the hearing:

(A)  The hearing to consider confirmation of the debtor(s)' chapter 13 plan (as the same may be amended) and any filings referenced above is rescheduled for October 28, 2025 at 1:00 p.m. in Room 2600, Federal Courthouse, 2005 University Boulevard, Tuscaloosa, Alabama.

(B)  The debtor(s) are allowed until September 23, 2025 to file an amended chapter 13 plan (an "Amended Plan").  Unless and until the debtor(s) file an Amended Plan, the debtor(s)' current chapter 13 plan (the "Current Plan") shall remain operative; the debtor(s) shall make the regular plan payments specified by the Current Plan; and the chapter 13 trustee shall make the pre-confirmation disbursement(s) provided for by the Current Plan, if any (so long as the pre-confirmation disbursement(s) are authorized by statute, rule, or order).

Dated: 09/10/2025

/s/ JENNIFER H. HENDERSON
JENNIFER H. HENDERSON
United States Bankruptcy Judge